UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROGER VON EVANS,
FDOC Inmate No. 32751,
      Plaintiff,

v.                                                         Case No.: 3:24cv46/LAC/ZCB

SOCIAL SECURITY OFFICE,
      Defendant.
                                                      /

# REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He has filed a *pro se* civil rights complaint against "Employees For Social Security Office." (Doc. 5 at 2).

Having reviewed Plaintiff's litigation history, the undersigned has determined that he is a "three-striker." This means that he is ineligible to proceed *in forma pauperis* (IFP) and was required to pay the filing fee upon initiating this suit. Because Plaintiff did not pay the filing fee when he filed the complaint, this case should be dismissed.

1

I. Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated. . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception if the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is ineligible to proceed IFP must pay the filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that when the district court determines that the prisoner is ineligible to proceed IFP under § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by simply paying the filing fee at a later time because the filing fee is due at the time the prisoner *initiated* the suit. *Id.*; *see also*

*Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

The Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database. That review has revealed that Plaintiff (while a prisoner) previously filed at least three actions in federal courts that were dismissed as malicious or for failure to state a claim on which relief can be granted. More specifically:

- *Evans v. Santa Rosa Correctional Institution, et al.*, 3:02cv353-RV (N.D. Fla. Dec. 23, 2002) (dismissing Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii));

- *Evans v. Bush, et al.*, 3:09cv181-MCR-EMT (N.D. Fla. Sept. 30, 2009) (dismissing Plaintiff's complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)); and

- *Evans v. Johnson, et al.*, 5:17cv121-MCR-GRJ (N.D. Fla. May 31, 2017) (dismissing Plaintiff's complaint for abuse of the

3

judicial process and failure to state a claim upon which relief may be granted).[1]

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so. And he has not alleged that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply.[2] Dismissal without prejudice is, therefore, appropriate. *See Dupree*, 284 F.3d at 1236-37.[3]

---

[1] Plaintiff identified himself with FDOC inmate #32751 in his pleadings in those cases. That is the same FDOC inmate number that he identified himself with in this case.

[2] As best the Court can tell, Plaintiff is complaining that Defendant has unlawfully retained his personal property, such as his social security card. (Doc. 5 at 7). Plaintiff never alleges that he faces any physical harm. *See* (Doc. 5).

[3] Dismissal is also warranted because Plaintiff failed to truthfully disclose his litigation history on the complaint form. The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits). Here, Plaintiff failed to disclose any of the three cases referenced above. Indeed, Plaintiff fails to disclose any of his federal civil cases. Plaintiff, therefore, misrepresented—under

## II.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.   This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

2.   All pending motions be **DENIED** as moot.

3.   The Clerk of Court be directed to close this case.

At Pensacola, Florida this 19th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained

---

penalty of perjury—his prior litigation history on the complaint form.  He did so, despite having been advised on the complaint form that "***failure to disclose all prior state and federal cases . . . may result in the dismissal of this case.***"  (Doc. 5 at 10).  Consistent with that warning and Eleventh Circuit precedent, dismissal is warranted.

5

in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.